**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GOLF BROTHERS, LLC, | CIVIL ACTION NO. 09-2133 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| PETER J. SAKER, JR., et al., |  |
| Defendants. |  |

**THE PLAINTIFF**, Golf Brothers, LLC ("Golf Brothers"), brought this action against defendants, Peter J. Saker, Jr. ("P. Saker"), Joseph J. Raymond ("Raymond"), Michael Rutkin ("Rutkin"), Louis Saker ("L. Saker"), and Matthew Saker ("M. Saker" and, with P. Saker, Raymond, Rutkin, and L. Saker, "defendants"), on May 1, 2009, to recover sums allegedly due under a Guaranty of Payment, and asserts jurisdiction under 28 U.S.C. § ("Section") 1332. (Dkt. entry no. 1, Compl.)  The Court will sua sponte dismiss the Complaint without prejudice.  See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**GOLF BROTHERS** alleges that it is "a Florida limited liability company formed and existing under the laws of the state of Florida, with its principal place of business [in] Boca Raton, Florida."  (Compl. at 1.)  Golf Brothers thus provides allegations as to its own citizenship that are "meaningless." Preferred Merch. Hood, LLC v. Fam. Dollar, Inc., No. 06-67, 2006

WL 1134915, at *1 (D.N.H. Apr. 25, 2006); see Brown v. Walker, No. 06-218, 2008 WL 189570, at *4 (N.D. Ind. Jan. 22, 2008) (stating such allegation "says nothing" about party's citizenship). Limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business. Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008). The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship. Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003). Thus, Golf Brothers has not properly asserted its own citizenship.

**GOLF BROTHERS** asserts – without more – that (1) P. Saker "[u]pon information and belief . . . is an individual residing [in] Freehold, New Jersey," (2) Raymond "[u]pon information and belief . . . is an individual residing [in] Colts Neck, New Jersey," (3) Rutkin "[u]pon information and belief . . . is an individual residing [in] Colts Neck, New Jersey," (4) L. Saker "[u]pon information and belief . . . is an individual residing [in] Freehold, New Jersey," and (5) M. Saker "[u]pon information and belief . . . is an individual residing [in] Freehold, New Jersey." (Compl. at 1-2.) Allegations as to where any party resides, is licensed, or has a place of business – as opposed to

is a citizen or is domiciled – will not properly invoke the Court's jurisdiction.  See Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970).  Further, Golf Brothers makes the above allegations upon information and belief, and thus "does not convince the Court that there is diversity among the parties." Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999).  Instead, Golf Brothers must demonstrate defendants' citizenship "affirmatively and distinctly."  S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006).  Golf Brothers therefore has not properly asserted defendants' citizenship.

**GOLF BROTHERS** has failed to show that it is deemed to be a citizen of a different state in relation to each defendant.  See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring "complete diversity between all plaintiffs and all defendants").  Thus, the Court will dismiss the Complaint, but will do so without prejudice to Golf Brothers to either – within thirty days – (1) recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., Inc., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with

documentation properly demonstrating the citizenship of the parties. If Golf Brothers opts to move to reopen, then it does so at its own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**GOLF BROTHERS** is advised – if it opts to move to reopen – that jurisdiction is measured "against the state of facts that existed at the time of filing." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004). Thus, Golf Brothers must properly demonstrate (1) its own citizenship as it existed specifically on May 1, 2009, i.e., list and analyze each member within Golf Brothers, including non-managing and non-individual members, and provide supporting documentation and affidavits from those with knowledge of Golf Brothers's structure,[1] (2) defendants' citizenship as it existed on May 1, 2009, e.g., list their home addresses with supporting documentation, and (3) that there is jurisdiction under Section 1332. Golf Brothers is

---

[1] Golf Brothers, if moving to reopen, must refrain from asserting confidentiality for any member. See Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 207 n.22 (3d Cir. 2007) (rejecting, in jurisdictional analysis, partnership's "attempts to keep the identity of its limited partners confidential insofar as possible," as "the district court must know who they are and where they are citizens and its need for that information will trump [that partnership's] policies"); Belleville Catering Co. v. Champaign Mkt. Place, L.L.C., 350 F.3d 691, 693 (7th Cir. 2003) (stating "[i]t is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary").

further advised that it must specifically assert citizenship as it existed on May 1, 2009.

**GOLF BROTHERS**, if moving to reopen, must not restate the allegations from the Complaint. Also, a response as to where any member or party resides, is licensed, or has a place of business – as opposed to is a citizen or is domiciled – will not properly invoke the Court's jurisdiction. See Cruz, 277 Fed.Appx. at 162; Guerrino, 423 F.2d at 421. A response based upon information and belief or an assertion that is not specific (e.g., citizen of "a state other than New Jersey") will be unacceptable. See Freedman, 180 Fed.Appx. at 320; Vail, 39 F.Supp.2d at 477. As Golf Brothers is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity." CGB Occ. Therapy, Inc. v. RHA Health Servs. Inc., 357 F.3d 375, 382 n.6 (3d Cir. 2004).

**THE COURT** will issue an appropriate order and judgment.

      s/ Mary L. Cooper
    **MARY L. COOPER**
    United States District Judge

Dated: June 10, 2009